UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
====================================== X

GROW UP JAPAN, INC.,

Civil Action No.:
07 CIV 3944

Plaintiff,

**DEFENDANTS'**
**VERIFIED ANSWER,**
**AFFIRMATIVE**
**DEFENSES AND**
**COUNTERCLAIMS**

-against-

KO YOSHIDA and KO COMPUTER, INC.

Defendants.

====================================== X

Defendant/Counter-Plaintiff KO YOSHIDA and KO COMPUTER, INC. (collectively referred to as "Ko Computer"), by their attorneys, Fink & Katz, PLLC, as and for their Answer, Affirmative Defenses, and Counterclaims to the Complaint of plaintiff Grow Up Japan, Inc., allege upon information and belief as follows:

1.    Deny the allegations contained in paragraph 1 of the Complaint, except to admit that Mr. Yoshida previously served as shop manager at User's Side, 431 Fifth Avenue, New York, New York.

2.    Deny the allegations contained in paragraph 2 of the Complaint.

3.    Deny the allegations contained in paragraph 3 of the Complaint.

4.    Deny the allegations contained in paragraph 4 of the Complaint, except to admit that Mr. Yoshida entered into a new lease to rent commercial space at 431 Fifth Avenue, New York, New York.

5.    Admit the allegations contained in paragraph 5 of the Complaint.

6.    Deny the allegations contained in paragraph 6 of the Complaint, except to admit that Ms. Yoshida was paid a salary to wind-down the operations of User's Side, and that there were discussions of Ms. Yoshida moving to San Jose to operate plaintiff's store in that location.

7.    Admit the allegations contained in paragraph 7 of the Complaint, without making any admission that plaintiff did not receive earlier notice of Mr. Yoshida's resignation.

8.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Complaint.

9.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Complaint.

10.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the Complaint.

11.    Admit the allegations contained in paragraph 11 of the Complaint.

12.    Admit the allegations contained in paragraph 12 of the Complaint.

13.    Deny the allegations contained in paragraph 13 of the Complaint.

14.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Complaint, without waiving any right to challenge the basis for jurisdiction on diversity grounds upon receipt of further information.

15.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the Complaint.

16.    Admit the allegations contained in paragraph 16 of the Complaint.

17.    Admit the allegations contained in paragraph 17 of the Complaint, except to deny that Mr. Yoshida ever served as "Director" of Grow Up Japan.

18.    Deny the allegations contained in paragraph 18 of the Complaint, except to admit

2

that an apartment lease was signed by Mr. Yoshida.

19.    Deny the allegations contained in paragraph 19 of the Complaint, except to admit that Mr. Yoshida was the shop manager of User's Side.

20.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Complaint.

21.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the Complaint.

22.    Deny the allegations contained in paragraph 22 of the Complaint, except to admit that Mr. Yoshida paid a termination fee with plaintiff's approval through Mr. Kobayashi.

23.    Deny the allegations contained in paragraph 23 of the Complaint.

24.    Deny the allegations contained in paragraph 24 of the Complaint.

25.    Deny the allegations contained in paragraph 25 of the Complaint.

26.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of the Complaint.

27.    Deny the allegations contained in paragraph 27 of the Complaint.

28.    Deny the allegations contained in paragraph 28 of the Complaint, except to admit that Mr. Yoshida incorporated Ko Computer.

29.    Admit the allegations contained in paragraph 29 of the Complaint.

30.    Deny the allegations contained in paragraph 30 of the Complaint, except to admit that Mr. Yoshida registered Ko Computer under its own domain name.

31.    Deny the allegations contained in paragraph 31 of the Complaint.

32.    Deny the allegations contained in paragraph 32 of the Complaint.

33.    Deny the allegations contained in paragraph 33 of the Complaint.

34.    Deny the allegations contained in paragraph 34 of the Complaint.

35.    Deny the allegations contained in paragraph 35 of the Complaint.

36.    Deny the allegations contained in paragraph 36 of the Complaint.

37.    Deny the allegations contained in paragraph 37 of the Complaint.

38.    Admit the allegations contained in paragraph 38 of the Complaint.

39.    Deny the allegations contained in paragraph 39 of the Complaint.

40.    Deny the allegations contained in paragraph 40 of the Complaint.

41.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 41 of the Complaint.

42.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 42 of the Complaint.

43.    Admit the allegations contained in paragraph 43 of the Complaint.

44.    Admit the allegations contained in paragraph 44 of the Complaint, except to deny knowledge or information sufficient to form a belief as to the amount of such payment.

45.    Admit the allegations contained in paragraph 45 of the Complaint.

46.    Deny the allegations contained in paragraph 46 of the Complaint.

47.    Admit the allegations contained in paragraph 47 of the Complaint.

48.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 48 of the Complaint.

49.    Deny the allegations contained in paragraph 49 of the Complaint.

50.    Admit the allegations contained in paragraph 50 of the Complaint.

51.    Deny the allegations contained in paragraph 51 of the Complaint.

52.    Deny the allegations contained in paragraph 52 of the Complaint.

53.   Admit the allegations contained in paragraph 53 of the Complaint.

54.   Admit the allegations contained in paragraph 54 of the Complaint.

55.   Admit the allegations contained in paragraph 55 of the Complaint.

56.   Admit the allegations contained in paragraph 56 of the Complaint.

57.   Admit the allegations contained in paragraph 57 of the Complaint.

58.   Admit the allegations contained in paragraph 58 of the Complaint.

59.   Admit the allegations contained in paragraph 59 of the Complaint.

60.   Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 60 of the Complaint.

61.   Admit the allegations contained in paragraph 61 of the Complaint.

62.   Deny the allegations contained in paragraph 62 of the Complaint.

63.   Admit the allegations contained in paragraph 63 of the Complaint.

64.   Admit the allegations contained in paragraph 64 of the Complaint.

65.   Deny the allegations contained in paragraph 65 of the Complaint.

66.   Admit the allegations contained in paragraph 66 of the Complaint.

67.   Deny the allegations contained in paragraph 67 of the Complaint.

68.   Admit the allegations contained in paragraph 68 of the Complaint.

69.   Deny the allegations contained in paragraph 69 of the Complaint.

## CLAIM I

70.   Ko Computer repeats and reiterates each and every response to paragraphs 1 through 69 of the Complaint with the same force and effect as if fully set forth herein.

71.   Deny the allegations contained in paragraph 71 of the Complaint, except to admit that Mr. Yoshida entered into new lease for commercial space at 431 Fifth Avenue.

72.    Deny the allegations contained in paragraph 72 of the Complaint.

73.    Deny the allegations contained in paragraph 73 of the Complaint.

74.    Deny the allegations contained in paragraph 74 of the Complaint.

75.    Deny the allegations contained in paragraph 75 of the Complaint.

76.    Deny the allegations contained in paragraph 76 of the Complaint.

77.    Deny the allegations contained in paragraph 77 of the Complaint.

78.    Deny the allegations contained in paragraph 78 of the Complaint.

79.    Deny the allegations contained in paragraph 79 of the Complaint.

80.    Admit the allegations contained in paragraph 80 of the Complaint.

81.    Deny the allegations contained in paragraph 81 of the Complaint.

82.    Admit the allegations contained in paragraph 82 of the Complaint, but only to the extent that they refer to the period beginning in April 2005.

83.    Deny the allegations contained in paragraph 83 of the Complaint.

84.    Deny the allegations contained in paragraph 84 of the Complaint.

## CLAIM II

85.    Ko Computer repeats and reiterates each and every response to paragraphs 1 through 84 of the Complaint with the same force and effect as if fully set forth herein.

86.    Deny the allegations contained in paragraph 86 of the Complaint.

87.    Deny the allegations contained in paragraph 87 of the Complaint.

88.    Deny the allegations contained in paragraph 88 of the Complaint.

89.    Admit the allegations contained in paragraph 89 of the Complaint, except to deny knowledge or information sufficient to form a belief as to the amount of such payment.

90.    Deny the allegations contained in paragraph 90 of the Complaint.

91.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 91 of the Complaint.

92.    Admit the allegations contained in paragraph 92 of the Complaint.

93.    Deny the allegations contained in paragraph 93 of the Complaint.

94.    Deny the allegations contained in paragraph 94 of the Complaint.

95.    Deny the allegations contained in paragraph 95 of the Complaint.

96.    Deny the allegations contained in paragraph 96 of the Complaint.

97.    Deny the allegations contained in paragraph 97 of the Complaint.

98.    Deny the allegations contained in paragraph 98 of the Complaint.

99.    Deny the allegations contained in paragraph 99 of the Complaint, except to admit that Ko Computer is using forms and contracts that were created and developed by Mr. Yoshida.

100.    Deny the allegations contained in paragraph 100 of the Complaint.

101.    Admit the allegations contained in paragraph 101 of the Complaint.

102.    Deny the allegations contained in paragraph 102 of the Complaint.

103.    Deny the allegations contained in paragraph 103 of the Complaint.

## CLAIM III

104.    Ko Computer repeats and reiterates each and every response to paragraphs 1 through 103 of the Complaint with the same force and effect as if fully set forth herein.

105.    Deny the allegations contained in paragraph 105 of the Complaint.

106.    Deny the allegations contained in paragraph 106 of the Complaint, except to respectfully refer all questions of law to the Court for determination.

107.    Deny the allegations contained in paragraph 107 of the Complaint, except to admit that Mr. Yoshida managed the financial records of User's Side.

108. Deny the allegations contained in paragraph 108 of the Complaint.

109. Deny the allegations contained in paragraph 109 of the Complaint.

110. Admit the allegations contained in paragraph 110 of the Complaint.

111. Deny the allegations contained in paragraph 111 of the Complaint.

## CLAIM IV

112. Ko Computer repeats and reiterates each and every response to paragraphs 1 through 111 of the Complaint with the same force and effect as if fully set forth herein.

113. Deny the allegations contained in paragraph 113 of the Complaint.

114. Deny the allegations contained in paragraph 114 of the Complaint.

115. Deny the allegations contained in paragraph 115 of the Complaint.

116. Deny the allegations contained in paragraph 116 of the Complaint.

117. Deny the allegations contained in paragraph 117 of the Complaint.

## CLAIM V

118. Ko Computer repeats and reiterates each and every response to paragraphs 1 through 117 of the Complaint with the same force and effect as if fully set forth herein.

119. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 119 of the Complaint.

120. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 120 of the Complaint.

121. Admit the allegations contained in paragraph 121 of the Complaint.

122. Deny the allegations contained in paragraph 122 of the Complaint.

123. Deny the allegations contained in paragraph 123 of the Complaint.

124. Admit the allegations contained in paragraph 124 of the Complaint.

125. Admit the allegations contained in paragraph 125 of the Complaint.

## CLAIM VI

126. Ko Computer repeats and reiterates each and every response to paragraphs 1 through 125 of the Complaint with the same force and effect as if fully set forth herein.

127. Admit the allegations contained in paragraph 127 of the Complaint.

128. Deny the allegations contained in paragraph 128 of the Complaint.

129. Deny the allegations contained in paragraph 129 of the Complaint.

130. Deny the allegations contained in paragraph 130 of the Complaint.

131. Deny the allegations contained in paragraph 131 of the Complaint.

## CLAIM VII

132. Ko Computer repeats and reiterates each and every response to paragraphs 1 through 131 of the Complaint with the same force and effect as if fully set forth herein.

133. Deny the allegations contained in paragraph 133 of the Complaint.

134. Deny the allegations contained in paragraph 134 of the Complaint.

135. Deny the allegations contained in paragraph 135 of the Complaint.

136. Deny the allegations contained in paragraph 136 of the Complaint.

137. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 137 of the Complaint.

138. Deny the allegations contained in paragraph 138 of the Complaint.

139. Deny the allegations contained in paragraph 139 of the Complaint.

140. Deny the allegations contained in paragraph 140 of the Complaint.

141. Deny the allegations contained in paragraph 141 of the Complaint.

142. Deny the allegations contained in paragraph 142 of the Complaint.

143. Deny the allegations contained in paragraph 143 of the Complaint.

144. Deny the allegations contained in paragraph 144 of the Complaint.

145. Deny the allegations contained in paragraph 145 of the Complaint.

146. Deny the allegations contained in paragraph 146 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

147. Plaintiff's Complaint fails to properly state a claim upon which relief can be granted as a matter of law.

## SECOND AFFIRMATIVE DEFENSE

148. Plaintiff's claims are barred in whole, or in part, by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

149. Plaintiff's claims are barred in whole, or in part, by the doctrine of waiver, promissory and equitable estoppel and/or laches.

## FOURTH AFFIRMATIVE DEFENSE

150. Plaintiff is precluded from recovering herein due to its failure to mitigate its alleged damages.

## FIFTH AFFIRMATIVE DEFENSE

151. To the extent plaintiff was damaged by the conduct alleged in the Complaint, such damages were caused, in whole or in part, by the culpable or criminal conduct of plaintiff, and, therefore, plaintiff's recovery, if any, should be barred or reduced in proportion thereto.

## SIXTH AFFIRMATIVE DEFENSE

152. To the extent plaintiff was damaged by the conduct in the Complaint, such damages were caused, in whole or in part, by individuals and/or entities other than the defendants, for whom these defendants were not responsible, and over whom these defendants

were not obligated to exercise any control or supervision, and, therefore, plaintiff's recovery, if any, should be barred or reduced in proportion thereto.

### SEVENTH AFFIRMATIVE DEFENSE

153.    Plaintiff cannot prove that the conduct of the defendants proximately caused the damages alleged against these defendants in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

154.    Plaintiff's claims are barred in whole, or in part, because the relief requested is barred by documentary evidence.

### NINTH AFFIRMATIVE DEFENSE

155.    Plaintiff's claim fails to plead breach of fiduciary duty and self-dealing with sufficient particularity.

### TENTH AFFIRMATIVE DEFENSE

156.    Plaintiff's claim is barred in whole, or in part, by the business judgment rule.

### ELEVENTH AFFIRMATIVE DEFENSE

157.    Plaintiff's claim is barred in whole, or in part, because Mr. Yoshuda was, at all times, acting within the scope of his authority.

### TWELFTH AFFIRMATIVE DEFENSE

158.    Plaintiff's claims are barred by the applicable statutes of limitations.

### THIRTEENTH AFFIRMATIVE DEFENSE

159.    The Federal Court lacks jurisdiction over this matter.

**WHEREFORE**, defendants Ko Yoshida and Ko Computer, Inc. demands judgment dismissing the Complaint, and for the costs and disbursements of this action, including its attorneys' fees, and for such other further relief as this Court deems just and proper.

## AS AND FOR A FIRST COUNTERCLAIM AGAINST PLAINTIFF

(Tortious Interference with Prospective Business Relations)

160.    Upon information and belief, since April 2005, plaintiff, through its Principal, Toshihiro Kobayashi, and through others under its control, has willfully and maliciously made derogatory statements about the defendants to its vendors, customers, clients, employees, colleagues and others in the computer retail industry and, in several instances, threatened lawsuits against these parties for associating with defendants.

161.    Upon information and belief, the statements made by the plaintiff, by way of written letters and verbal communications, maliciously claim that Mr. Yoshida has acted dishonestly and in breach of his alleged duty of loyalty to the plaintiff and Mr. Kobayashi.

162.    Upon information and belief, the statements made by the plaintiff, by way of written letters and verbal communications, maliciously claim that Mr. Yoshida has improperly competed with the plaintiff and stolen proprietary information from the plaintiff.

163.    Upon information and belief, all of these statements made by plaintiff and Mr. Kobayashi were false and were known – or should have been known – to be false when they were made.

164.    Upon information and belief, the plaintiff's and Mr. Kobayashi's statements were willfully and maliciously made for purposes of interfering with and disparaging defendants' business, and in effort to destroy defendants' professional reputation.

165.    Those who heard the statements would have reasonably understood the statements to mean that Mr. Yoshida is dishonest and that they should not do business with the defendants.

166.    Upon information and belief, plaintiff and Mr. Kobayashi have intentionally and maliciously interfered with defendants' ongoing business relationships with his vendors, customers, clients, employees, colleagues and others in the computer retail industry.

167.    These dishonest, unfair and improper means of communication have caused substantial injury to defendants' business relationships and cost the defendants immediate and long-term damage, including the loss of profits that could have – and would have – been earned but for such wrongful interference by plaintiff and Mr. Kobayashi.

168.    As a result, plaintiff is liable to the defendants for compensatory and punitive damages that were suffered as a result of its tortious interference in an amount to be determined at trial.

### AS AND FOR A FIRST COUNTERCLAIM AGAINST PLAINTIFF

(Rule 11 of the Federal Rules of Civil Procedure)

169.    The "fraud" and "conversion of corporate assets and computer records" claims alleged by plaintiff were fabricated and concocted by the plaintiff to cause extra expense and for extra effort to be made by the defendants and their counsel in this action.

170.    Since there is no basis for such claims, the prosecution of such claims is malicious, reckless and/or wanton, and therefore consitutes a *prima facie* tort.

171.    Plaintiff is liable to the defendants for any and all damages or expense incurred by each of them in having to defend against such fabricated claims.

WHEREFORE, it is requested that this Court award damages to the defendants in an amount equal to the extra legal and litigation costs incurred to defend against each of the above claims, or to impose sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure and for such other, further and different relief as this Court deems just and proper.

Dated: New York, New York
       June 10, 2007

                                    FINK & KATZ, PLLC
                                    *Attorneys for Plaintiffs Ko Yoshida and*
                                    *Ko Computer, Inc.*

                                    By: _____
                                        Philip Katz, Esq.
                                        40 Exchange Place, Suite 2010
                                        New York, New York 10005
                                        (212) 385-1373

To:    Tristan C. Loanzon
       Loanzon Law Firm
       386 Park Avenue, Suite 1914
       New York, New York 10016

14

## CORPORATE VERIFICATION

STATE OF NEW YORK )

: ss.:

COUNTY OF NEW YORK )

KO YOSHIDA, being duly sworn, deposes and says:

    I, KO YOSHIDA, the Chief Executive Office of defendant KO COMPUTER, INC. in the above-captioned action, have read the foregoing Answer, Affirmative Defenses and Counterclaims, and know the contents thereof, and the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

KO YOSHIDA

Sworn before me this
____ day of June, 2007

Notary Public

PHILIP KATZ
Notary Public, State of New York
No. 02KA5073270
Qualified in New York County
Term Expires February 18, 2 0 1 1

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK      )

                           : ss.:

COUNTY OF NEW YORK )


         KO YOSHIDA, being duly sworn, deposes and says:

               I am a named defendant in the instant action, and have read the foregoing

Answer, Affirmative Defenses and Counterclaims, and know the contents thereof, and the

same is true to my own knowledge, except as to the matters therein stated to be alleged

on information and belief, and as to those matters, I believe them to be true.


                                              KO YOSHIDA


Sworn before me this

10th day of June, 2007

Notary Public

PHILIP KATZ
Notary Public, State of New York
No. 02KA5073270
Qualified in New York County
Term Expires February 18, 2011

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK                    )

                                     ) ss.:

COUNTY OF NEW YORK                   )

PHILIP KATZ, being duly sworn, deposes and says:

I am not a party to the action, am over 18 years of age and reside in New York, New York.  On June 11, 2007, I served a true copy of the within **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** by mailing the same in a sealed envelope, with postage prepaid thereon, in an official depository of the United States Postal Service within the State of New York, addressed to the last known address of the addressees as indicated below:

To:    Tristan C. Loanzon
       Loanzon Law Firm
       386 Park Avenue, Suite 1914
       New York, New York 10016

Sworn to me before this
_____ 11th _____ day of June, 2007

_____
NOTARY PUBLIC

Brad A. Kauffman
Notary Public State of New York
No. 02KA5060950
Qualified in Kings County
Commission Expires August 3, 2010