UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **GROW UP JAPAN, INC.,** | 2007 Civ. 3944 (GEL) (JCF) |
| **Plaintiff,** | |
| -against- | |
| **KO YOSHIDA and KO COMPUTER, INC.,** | |
| **Defendants.** | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO AMEND THE COMPLAINT TO ALLEGE PUNITIVE DAMAGES**

Grow Up Japan, Inc. ("GUJ") brings this motion under Fed. R. Civ. P. 15(a)(2) for an order granting plaintiff leave to amend the Complaint to request punitive damages in connection with Claims One (1), Two (2), Four (4), and Six (6). GUJ attaches the proposed amended complaint as Exhibit A to the Affirmation of Tristan C. Loanzon, dated September 12, 2008. Leave should be granted because (a) the amendment arose out of the same allegations in the original complaint, (b) there is no evidence that Plaintiff unduly delayed the proposed amendment or exhibited bad faith, and (c) there is no attending prejudice to Defendants.

BACKGROUND

GUJ initiated this action in this court on May 21, 2007, alleging fraud, conversion, breach of fiduciary duty, tortious interference, unfair competition, and unjust enrichment against Ko Yoshida and Ko Computer. GUJ seeks approximately $1.3 million in damages and an accounting. The main allegations are that Ko Yoshida used to manage GUJ's electronic store, and later tricked the company into closing the store on 431 Fifth Avenue in order to open a totally different company (Ko Computer, Inc.) in the same location. The Complaint maintains

that Defendants, for over a year, misappropriated GUJ's assets and property in order to operate a competing business.

The parties conducted depositions of GUJ's president and Ko Yoshida in December 2007, and exchanged documents and information. The discovery period closed on July 31, 2008 pursuant to the court's order.

On August 7, 2008, Plaintiff's counsel sought consent from Defendants' counsel to amend the complaint. Defendants did not consent.

ARGUMENT

Fed. R. Civ. P. 15(a)(2) provides that a party may amend its pleadings with the opposing party's consent or upon the court's permission. Leave shall be given when justice so requires. Plaintiff's counsel requested Defendants counsel's consent on August 7, 2008, but no consent was received. Therefore, Grow Up Japan makes the instant motion before the Court.

In the course of discovery, Plaintiff has learned that the conduct of Ko Yoshida had been more egregious than Plaintiff had originally believed. Documents obtained at discovery showed that Yoshida was unfairly competing with his employers in the same business. To make matters more egregious, Yoshida was using his apartment as the office of his own business; the apartment was paid for by Grow Up Japan. (See Loanzon Aff. Ex. B). Yoshida's deliberate and willful actions would support a claim for punitive damages.

Leave should be granted because (a) the amendment arose out of the same allegations in the original complaint, (b) there is no evidence that Plaintiff unduly delayed the proposed amendment or exhibited bad faith, and (c) there is no attending prejudice to Defendant.

As illustrated by redlines in the proposed amendment complaint (see Loanzon Aff. Ex. A), the amendment to add punitive damages does involve additional or different set of allegations. As a result, it cannot be said that Defendants would have had a different strategy during discovery. Moreover, Plaintiff did not exhibit undue delay to make the instant motion; it made the motion only over a month after the end of discovery.

The proposed amendment will not prejudice Defendants. Under New York law, purely monetary increase of exemplary, or punitive damages, by party moving to amend complaint is not in itself considered prejudicial to nonmoving party so as to warrant denial of motion; instead, "there must be some indication that defendant has been hindered in preparation of its case or has been prevented from taking some measure in support of its position." Pesce v. General Motors Corp., 939 F. Supp. 160, 166 (N.D.N.Y. 1996) (citing New York cases). Defendants could not argue that the amendment would be prejudicial to their defense because the proposed amendment does not allege new facts, or facts previously unknown to Defendants.

The proposed amendment to add punitive damage claims conforms with New York law as well. Under New York law, punitive damages may be granted in cases involving "gross, wanton, or willful fraud, or other morally culpable conduct." Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 509 (2d Cir. 1991). The fact that Yoshida competed with his employer GUJ, while operating his business in an apartment rented by GUJ, supports the allegation that he engaged in morally culpable conduct.

Punitive damages may also be awarded in cases involving unfair competition and breach of fiduciary duty. See Paz Systems, Inc. v. Dakota Group Corp., 514 F. Supp.2d 402, 407-10 (E.D.N.Y. 2007) (awarding punitive damages for misappropriation of trade secrets and unfair competition); H & R Indus., Inc. v. Kirshner, 899 F. Supp. 995 (E.D.N.Y. 1995) (awarding

punitive damages in breach of fiduciary duty); Kubin v. Miller, 801 F. Supp. 1101 (S.D.N.Y. 1992).

## CONCLUSION

For the above reasons, Plaintiff's motion for leave to amend the complaint to include claims for punitive damages should be granted.

Dated: New York, New York
September 12, 2008

        LOANZON LAW FIRM PC


/S_____
   Tristan C. Loanzon
386 Park Avenue South, Suite 1914
New York, New York 10016
(212) 760-1515
*Attorney for Grow Up Japan, Inc.*

4